## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:15-CR-60328-RLR

UNITED STATES OF AMERICA,

vs.

DARIEN YOUNG,

      Defendant.

_____/

### ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on Magistrate Judge Brannon's Report and Recommendation at docket entry 62.  The Government has appealed the Report [DE 63, 65] and Defendant has appealed [DE 64] as well.  Judge Brannon recommends that certain statements by Defendant be suppressed and that certain drug evidence not be suppressed.  For the reasons set forth below, Judge Brannon's Report is adopted in its entirety.

With respect to Defendant's motion to suppress two statements made by Defendant after he was in custody, Judge Brannon concluded that those statements were not "voluntary and spontaneous comments by [the] accused."  *Cannady v. Dugger*, 931 F.2d 752, 754 (11th Cir. 1991).  Instead, Judge Brannon concluded that those statements were made after what he concluded was interrogation by law enforcement.  Upon review of the record, this Court agrees with Judge Brannon.  In light of this conclusion, Defendant's statements must be suppressed because, at that time, Defendant had not been read his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

With respect to Defendant's motion to suppress drug evidence, Judge Brannon concluded that: (1) Defendant's traffic stop complied with the Fourth Amendment, (2) the duration of the stop was proper, and (3) law enforcement had probable cause to search Defendant's trunk based upon a drug dog sniff and alert.  The Court agrees that Defendant's traffic stop complied with the Fourth

Amendment because there was an objective basis to stop Defendant[1] and, in light of that fact, the subjective intent of law enforcement at the time was irrelevant.  *Whren v. United States*, 517 U.S. 806, 814 (1996).  Putting aside for the moment whether the duration of the traffic stop was proper, the Court agrees with Judge Brannon that probable cause existed to search Defendant's trunk because of the drug dog's positive alert (during the traffic stop) on Defendant's car.  The operative question, then, is whether the duration of the traffic stop was sufficiently reasonable that, by the time the drug dog signaled the detection of drugs, the traffic stop had not become unlawful.

A traffic stop may last for the amount of time "reasonably required to complete the mission of issuing a ticket for the violation."  *Rogriguez v. United States*, 135 S. Ct. 1609, 1212 (2015).  The stop may last long enough for the police to ask questions about the infraction "and to conduct a variety of checks about licenses, registration, insurance and so on."  *United States v. Hernandez*, 418 F.3d 1206, 1212 n.7 (11th Cir. 2005).  Defendant takes issue with the precise calculation of time running from the time Defendant was stopped to the time Defendant's car was searched, however, Defendant does not challenge any of Judge Brannon's factual findings.  DE 64 at 1.  The Court therefore summarizes Judge Brannon's findings on the timing of the traffic stop.

Defendant was stopped around 5:55 p.m.  DE 62 at 2.  After questioning Defendant, Officer Chambers returned to his car at 6:10 p.m and, at that time, Officer Chambers began writing three traffic citations.  *Id.* While Officer Chambers was still writing those three citations, a drug dog arrived on the scene and signaled that it detected the presence of drugs.  *Id.* at 3.  At 6:40 p.m. Defendant was handcuffed.  *Id.*  Judge Brannon did not make an explicit finding as to precisely when the drug dog detected drugs nor did Judge Brannon expressly clarify the lapse of time between 6:10 p.m., when Officer Chambers began writing citations, to 6:40 p.m. when Defendant was handcuffed.  Upon review of the record, Judge Brannon's lack of an express finding is likely due to a lack of precision in the

---

[1] For example, Defendant was not wearing a seat belt and had a bald tire.  DE 62 at 2.

testimony on this issue.  For example, the transcript of the evidentiary hearing shows that Officer Chambers was not sure precisely when the drug dog arrived—he was only certain that it was while he was still writing citations.

Defendant emphasizes the length of time that Officer Chambers took to finish his three citations.  In a prior deposition, Officer Chambers testified that it took him 15 minutes to draft the three citations.[2]  DE 59 at 40.  At the evidentiary hearing, Officer Chambers clarified (as to this prior statement by him in a deposition) that it took him "approximately" 15 minutes to draft the three citations.   In any event, this case is not like *Rodriguez v. United States*, the case upon which Defendant principally relies.  In *Rodriguez*, law enforcement had concluded the traffic-citation process but, nonetheless, refused to allow the defendant to leave.  *Rodriguez*, 135 S. Ct. at 1613.  The Supreme Court reversed on that basis.  *Id.* at 1616-17.  Here, it is clear the traffic-citation process was not yet complete at the time the drug dog alerted to drugs.  The only question is whether the traffic-citation process took too long.

While the record does not contain precise clarity on the time period running from approximately 6:25 p.m. to 6:40 p.m., the record reflects that Officer Chambers took "approximately" 15 minutes to draft three citations and, during this time, the drug dog alerted to the presence of drugs. The Court is persuaded that this amounts to a reasonable time to draft three traffic citations.  Similarly, the Court concludes that the total time period in this case, 45 minutes, was a reasonable amount of time for: the stop, the initial questioning, the vetting of Defendant's license and registration, the drafting of three traffic citations, the drug dog's examination and activation, the discovery of the drugs, and the arrest of Defendant.  The Court is therefore persuaded that: (1) Judge Brannon's factual findings are not clearly erroneous and (2) to the extent Judge Brannon did not make a factual finding on a specific factual issue (such as the precise time when the drug dog detected drugs), the Court agrees with Judge

---

[2] Question: If you could, estimate how much time it took for you to write the citations, about.  Answer: I don't know. Fifteen minutes.

Brannon's ultimate legal conclusions.

One final matter warrants discussion.  The Government has appealed Judge Brannon's Report on two grounds.  First, the Government objects to Judge Brannon's decision to suppress Defendant's statements.  The Government does not develop a new argument on appeal and instead incorporates and relies upon its prior arguments before Judge Brannon.  For all of the reasons set forth in Judge Brannon's Report, that objection is overruled.  The Government also appeals Judge Brannon's *denial* of Defendant's motion to suppress drug evidence.  The Government's position is that Judge Brannon should have denied Defendant's motion to suppress on additional grounds.  The Court declines to engage in a hypothetical analysis as to what additional grounds Defendant's motion to suppress could be denied upon—the Court has already agreed with Judge Brannon that Defendant's motion to suppress should be denied and the evidence will be admitted at trial.  The Government's objections are therefore overruled.

It is hereby **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Brannon's Report and Recommendations [DE 62] is hereby **ADOPTED**;

2. Defendant's Appeal [DE 64] and objections are **OVERRULED**;

3. The Government's Appeal [63], Supplemental Appeal [DE 65], and objections are **OVERRULED**; and

4. Defendant's Motion to Suppress [DE 48] is **GRANTED IN PART AND DENIED PART** as more fully specified in this Order.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 21st day of November, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record